# EXHIBIT A TO THE CERTIFICATE OF COUNSEL

**Mark Bradford (MB 6002)**
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215-4903**
**Telephone: (347) 413-3287**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071)**
**MIMS, KAPLAN, BURNS & GARRETSON (PHV requested)**
**28202 Cabot Road, Ste 300**
**Laguna Niguel, California 92677**
**Telephone: (310) 314-1721**
**Facsimile: (949) 340-9737**
**cburns@hmkblawyers.com**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

| | |
|---|---|
| **BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,** | **CIVIL ACTION NO. 1:25-cv-4005 RA** |
| **Plaintiff,** | **[PROPOSED]** **TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE** |
| **v.** | |
| **JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANY,** | |
| **Defendants.** | |

_____ x

Based upon the complaint, memorandum of points and authorities, Declaration of Ashley Fogerty, the Supplemental Declaration of Ashley Fogerty, and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein, and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants"), show cause before the

Honorable Ronnie Abrams, United States District Court Judge, in the United States District Court for the Southern District of New York, located in Courtroom 1506 at 40 Foley Square, New York, New York at 2:00 p.m. on __Thursday, May 29__, 2025 or as soon thereafter as counsel can be heard, why an order pursuant to the Lanham Act 15 U.S.C. § 1051 et. seq., Fed. R. Civ. P. Rule 65, and the All Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff, Bravado International Group Merchandising Services, Inc., a preliminary injunction to enjoin Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Group, **"PIERCE THE VEIL"** (collectively, the "Group's Trademarks").

  **AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

  **AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the

Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof whichever occurs first, the Defendants, their agents, servants, employees, attorneys, ~~successors and assigns~~ and all persons, firms and corporations acting in active concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of **"PIERCE THE VEIL"**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a one (1) mile vicinity of the halls, stadiums or arenas at which the Group's tour shall be performing, including but not limited to in connection with the concert to be held on May 20, 2025 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order shall not apply to any defendant selling in a fixed, non-temporary location, although this does not affect Plaintiff's ability to apply for separate relief;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ 5,000 no later than May 20, 2025, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before __May 26,__ 2025.  Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before __May 28,__ 2025.  Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any defendant can apply to this Court to modify or dissolve this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or to stay its terms unless otherwise ordered by this Court.

        **IT IS SO ORDERED.**

Dated: __May 16__, 2025

**HONORABLE  RONNIE ABRAMS**
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

By: /s/ Cara R. Burns
Cara R. Burns (CB 1071) (PHV requested)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Tel: (310) 314-1721; Fax: (949) 340-9737
cburns@hmkblawyers.com

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, NY 11215
Tel: (347) 413-3287
mb@markbradfordpc.com
Attorneys for Plaintiff

Cara R. Burns (CB 1071 PHV Requested)
**MIMS, KAPLAN, BURNS & GARRETSON**
28202 Cabot Road, Ste 300
Laguna Niguel, California 92677
Tele: (310) 314-1721/Fax: (949) 340-9737
cburns@hmkblawyers.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

**BRAVADO INTERNATIONAL GROUP**
**MERCHANDISING SERVICES, INC.,**                       **ACTION NO. 1:25-cv-4005 RA**

           **Plaintiff,**

                                    **PRELIMINARY INJUNCTION**
**v.**                                                                          **AND SEIZURE ORDER**

**JOHN DOES 1-100, JANE DOES**
**1-100, AND XYZ COMPANY,**

           **Defendants.**
_____x

Plaintiff Bravado International Group Merchandising Services, Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group - namely **"PIERCE THE VEIL"** (collectively, the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concert which has previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Ronnie Abrams on the 29th day of May, 2025, at the United States Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.     Defendants, and those in active concert or participation with them, will continue to sell such infringing merchandise unless enjoined by the Court; and

5.     Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Cause Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and

the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and infringing, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, employees, representatives, and attorneys, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)    Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c )    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all infringing merchandise bearing any or all of the Group's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Group (namely **"PIERCE THE VEIL"**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from four (4) hours before to four (4) hours after any performance of the Group within a two (2) mile vicinity of the stadiums, arenas or other places at which the Group shall be performing, including in any carton, bag, vehicle, or container in which

3

the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, being sold, offered for sale or held for sale in the vicinity of the stadiums, arenas or other places at which the Group shall be performing shall be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that this Order shall not apply to any defendant selling in a fixed, non-temporary location, however this does not affect Plaintiff's ability to apply for separate relief.

**IT IS FURTHER ORDERED,** that upon the written request of a Defendant who provides to Plaintiff's counsel his or her contact information (namely the Defendant's legal name, telephone number and an address where the Defendant agrees to accept service or there may be made substitute service), or the contact information of Defendant's counsel who will agree to accept service on behalf of the Defendant, Plaintiff shall either transfer this action, or file a new action in the District where the requesting Defendant resides.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or, if not represented by counsel, to this Court's *Pro Se* Office, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007, and may send a copy to counsel for plaintiff (Cara Burns, Mims, Kaplan, Burns & Garretson, 28202 Cabot Road #300, Laguna Niguel, CA 92677), or otherwise move for relief from this Court within thirty (30) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all infringing items seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Thousand Dollars ($5,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: May 30, 2025

_____
**RONNIE ABRAMS**
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,
By: /s/Cara R. Burns
Cara R. Burns (CB 1071 PHV requested)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Tel: (310) 314-1721/ Fax: (949) 340-9737
cburns@hmkblawyers.com

Mark Bradford (MB 6002)
**MARK BRADFORD, PC**
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071)
**MIMS, KAPLAN, BURNS & GARRETSON** (PHV to be requested)
28202 Cabot Road, Ste 300
Laguna Niguel, California 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————x

| | |
|---|---|
| **BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,** | **CIVIL ACTION NO. 1:24-cv-06517** |
| Plaintiff, | **~~[PROPOSED]~~ TEMPORARY** |
| | **RESTRAINING ORDER; SEIZURE** |
| v. | **ORDER; AND AN ORDER TO SHOW** |
| | **CAUSE WHY A PRELIMINARY** |
| **JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANY,** | **INJUNCTION AND SEIZURE ORDER** |
| | **SHOULD NOT ISSUE** |
| Defendants. | |

——————————————————————x

Based upon the complaint, memorandum of points and authorities, Declaration of Ashley Fogerty and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein, and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants"), show cause before the Honorable Paul A. Engelmayer, United States District Court Judge, in the United States

1

District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York at 10 a.m. on September 11 , 2024 or as soon thereafter as counsel can be heard, why an order pursuant to the Lanham Act 15 U.S.C. § 1051 et. seq., Fed. R. Civ. P. Rule 65, and the All Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff, Bravado International Group Merchandising Services, Inc., a preliminary injunction to enjoin Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist, **"NICKI MINAJ"** (collectively, the "Artist's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Artist's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Artist's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Artist

2

Artist's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said Artist's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof whichever occurs first, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Artist's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Artist's Trademarks (namely of **"NICKI MINAJ"**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which the Artist's tour shall be performing, including but not limited to in connection with the concert to be held on September 7, 2024 at Madison Square Garden in New York, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ 5,000 no later than September 4, 2024, at 5 p.m. to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

3

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient; Plaintiffs must serve defendants on or before September 9, 2024. at 9 a.m.

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before September 10, 2024. at 9 a.m. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before September 10, 2024. at 5 p.m. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any defendant can apply to this Court to modify or dissolve this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or to stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: Avgust 30 , 2024
At: _____ __. m.

_Paul A. Engelmayer_
_____
**HONORABLE** Paul A. Engelmayer
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

By: /s/ Mark Bradford
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, NY 11215
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

Attorneys for Plaintiff

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Tel: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071 PHV)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, California 9267705
Tele: (310) 314-1721; Fax: (949) 340-9737
cburns@hmkblawyers.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.,

        Plaintiff,

v.

JOHN DOES 1-100, JANE DOES
1-100, AND XYZ COMPANY,

        Defendants.

———————————————————————x

ACTION NO. 1:24-cv-6517 PAE

[~~PROPOSED~~]
PRELIMINARY INJUNCTION
AND SEIZURE ORDER

Plaintiff Bravado International Group Merchandising Services, Inc. ("Plaintiff") having

moved for a preliminary injunction enjoining and restraining the defendants from manufacturing,

selling or distributing merchandise and seizing the same, bearing the federally registered

trademarks, service marks, likenesses, logos, and/or other indicia of the Artist - namely **"NICKI**

**MINAJ"** (collectively, the "Artist's Trademarks") and ordering the seizure and impounding of

such articles; and service having been effected upon certain defendants at the Artist's concerts

which have previously occurred; and Plaintiff's application having come on for a hearing before

the Honorable Paul A. Engelmayer on the 11th day of September, 2024, at the United States

Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the Artist's Trademarks in connection with the Artist's work as a performer, said marks have acquired meanings identified with the Artist and with products and services associated with her;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Trademarks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.     Defendants, and those in active concert or participation with them, will continue to sell such infringing merchandise unless enjoined by the Court; and

2

5.      Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Cause Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and infringing, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, employees, representatives, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)      Using any or all of the Artist's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)      Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

( c)      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all infringing merchandise bearing any or all of the Artist's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Artist (namely **"NICKI MINAJ"**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from four (4) hours before to four (4) hours after any performance

3

of the Artist within a four (4) mile vicinity of the stadiums, arenas or other places at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or variations thereof, being sold, offered for sale or held for sale in the vicinity of the stadiums, arenas or other places at which the Artist shall be performing, or elsewhere where such merchandise is being sold, offered for sale, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all infringing items seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Thousand Dollars ($5,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: September 11, 2024

At: 10:38 a. m.

*Paul A. Engelmayer*

**THE HONORABLE PAUL A. ENGELMAYER**
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,
By: /s/Mark Bradford
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, NY 11215-4903
Tel: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071 PHV)
HICKS, MIMS, KAPLAN & BURNS
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Tel: (310) 314-1721/ Fax: (949) 340-9737
cburns@hmkblawyers.com

Attorneys for Plaintiff

ORIGINAL

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATED:   8/3/23

Cara R. Burns (CB 1071)
MIMS, KAPLAN, BURNS & GARRETSON (PHV to be requested)
28202 Cabot Road, Ste 300
Laguna Niguel, California 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

MERCH TRAFFIC, LLC,                          CIVIL ACTION NO. 1:23-cv-6794

    Plaintiff,                          [PROPOSED] TEMPORARY                    LLS
                                             RESTRAINING ORDER; SEIZURE
v.                                           ORDER; AND AN ORDER TO SHOW
                                             CAUSE WHY A PRELIMINARY
JOHN DOES 1-100, JANE DOES 1-100,            INJUNCTION AND SEIZURE ORDER
AND XYZ COMPANY,                             SHOULD NOT ISSUE

    Defendants.
_____x


       Based upon the complaint, memorandum of points and authorities, Declaration of Emily

Holt and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings

heretofore had herein, and good cause being shown:

       IT IS HEREBY ORDERED that defendants, John Does 1-100, Jane Does 1-100 and XYZ

Company their true identities being unknown  (collectively "Defendants"), show cause before the

Honorable Louis L. Stanton , United States District Court Judge, in the United States

District Court for the Southern District of New York, located at 500 Pearl Street, New York, New

1

York at **2:30 P**..m. on **Aug. 16**, 2023 or as soon thereafter as counsel can be heard, why an

order pursuant to the Lanham Act 15 U.S.C. § 1051 et. seq., Fed. R. Civ. P. Rule 65, and the All

Writs Act 28 U.S.C. § 1651 should not be entered granting to Plaintiff, Merch Traffic, LLC, a

preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or

holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively

the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks,

service marks, likenesses, logos and other indicia of the Group, **"JONAS BROTHERS"**

(collectively, the "Group's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute

the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's

complaint and declaration, and will continue to carry out such acts unless restrained by order of

the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or

damage will result to the Plaintiff before Defendants can be identified and given notice and their

attorneys can be heard in opposition to the granting of the temporary restraining order, in that the

Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth

in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture,

distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the

form of a loss of income, lessening and dilution of the value of the Group's Trademarks,

interference with Plaintiff's ability to exploit, market and license its merchandising rights,

confusion in the marketplace as to the duly authorized source of merchandise depicting the

Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the said

Group's Trademarks;

2

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof whichever occurs first, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of **"JONAS BROTHERS"**), which defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which the Group's tour shall be performing, including but not limited to in connection with the concerts to be held on August 12 and August 13, 2023 at Yankee Stadium in the Bronx, New York;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $ 15, 000 no later than August 10, 2023, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

///

3

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before **Aug. 15**, 2023. Any reply shall be filed by the Plaintiff and served at noon upon each appearing defendant or his/her counsel on or before **Aug. 16**, 2023. Plaintiff is at noon to provide copies of all other filed pleadings at the request of any identified defendant;

///

4

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, including that pursuant to F.R.C.P. Rule 65 (b)(4), any defendant can apply to this Court to modify or dissolve this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or to stay its terms unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: August **3**, 2023

At: **1:43** pm.

_Louis L. Stanton_

**HONORABLE**
**UNITED STATES DISTRICT JUDGE**

Respectfully submitted,

By: _____
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071) (PHV to be requested)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

Attorneys for Plaintiff

5

Mark Bradford (MB 6002)
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215-4903**
**Telephone: (347) 413-3287**
**mb@markbradfordpc.com**

Cara R. Burns (CB 1071)
**MIMS, KAPLAN, BURNS & GARRETSON**
**28202 Cabot Road, Suite 300**
**Laguna Niguel, California 92677**
**Telephone: (310) 314-1721**
**Facsimile: (949) 340-9737**
**cburns@hmkblawyers.com**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #.
DATE FILED: 8/16/23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

MERCH TRAFFIC, LLC,                      CIVIL ACTION NO. 1:23-cv-06794 LLS

      Plaintiff,                      ~~[PROPOSED]~~ **PRELIMINARY**   L L S
                                         **INJUNCTION AND**
v.                                       **RESTRAINING ORDER**

**JOHN DOES 1-100, JANE DOES 1-100,**
**AND XYZ COMPANY,**

      Defendants.
_____x

      Plaintiff Merch Traffic, LLC ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group **"JONAS BROTHERS"** (collectively, the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Louis L. Stanton on the

16th day of August, 2023, at the United States Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the Group's Trademarks in connection with the  Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the  Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.     Defendants, and those in active concert or participation with them, will continue to sell such infringing merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Cause Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue or Further Temporary Restraining Order; Seizure Order; and Order to Show Cause Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue, and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and infringing, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, employees, representatives, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, or local deputy sheriffs, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all infringing merchandise bearing any or all of the Group's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Group (namely **"JONAS BROTHERS"),** or any colorable imitations or variations thereof, or associated marks which defendants or their agents,

employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from four (4) hours before to four (4) hours after any performance of the Group within a four (4) mile vicinity of the stadiums, arenas or other places at which the Group shall be performing such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, being sold, offered for sale or held for sale in the vicinity of the stadiums, arenas or other places at which the Group shall be performing, or elsewhere where such merchandise is being sold, offered for sale, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise visually identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any person who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure. No such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all infringing items seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated August **16**, 2023
    New York, New York

Louis L. Stanton
**LOUIS L. STANTON**
**UNITED STATES DISTRICT JUDGE**

By: /s/ Mark Bradford
Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (CB 1071)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737
cburns@hmkblawyers.com

Attorneys for Plaintiff

```
                              ┌─────────────────────────────────┐
                              │ USDC SDNY                       │
                              │ DOCUMENT                        │
                              │ ELECTRONICALLY FILED            │
                              │ DOC #: _____          │
                              │ DATE FILED: 9/6/2022            │
                              └─────────────────────────────────┘
```

**Mark Bradford (MB 6002)**
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215-4903**
**Tel: (347) 413-3287; Fax: (347) 402-8120**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071)**
**HICKS, MIMS, KAPLAN & BURNS**
**28202 Cabot Road, Ste 300**
**Laguna Niguel, California 9267705**
**Tele: (310) 314-1721; Fax: (310) 314-1725**
**cburns@hmkblawyers.com**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————x

| | |
|---|---|
| **MERCH TRAFFIC, LLC,** | **ACTION NO. 1:22-cv-06839 AT** |
| **Plaintiff,** | **PRELIMINARY INJUNCTION AND SEIZURE ORDER** |
| **v.** | |
| **JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANY,** | |
| **Defendants.** | |

———————————————————————————x

### PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff Merch Traffic, LLC ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Artist **"HARRY STYLES"** (collectively, the "Artist's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Analisa Torres on the 6th day of September, 2022, at the United States

Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.      By reason of the substantial and continuous use of the Artist's Trademarks in connection with the Artist's work as a performer, said marks have acquired meanings identified with the Artist and with products and services associated with him;

2.      The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Trademarks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.     Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Artist's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

( c)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Artist's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Artist (namely **"HARRY STYLES"**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or

3

representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from four (4) hours before to four (4) hours after any performance of the Artist within a four (4) mile vicinity of the stadiums, arenas or other places at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other places at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date

of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Thousand Dollars ($5,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

SO ORDERED.

Dated: September 6, 2022
      New York, New York

ANALISA TORRES
United States District Judge

Cara R. Burns (CB 1071)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, California 9267705
Tele: (310) 314-1721; Fax: (310) 314-1725
cburns@hmkblawyers.com

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Tel: (347) 413-3287
mb@markbradfordpc.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x

|  |  |
|---|---|
| **MERCH TRAFFIC, LLC,** | **ACTION NO. 1:23-cv-3947 DLC** |
| **Plaintiff,** | ~~**[AMENDED PROPOSED]**~~ |
|  | **PRELIMINARY INJUNCTION** |
| **v.** | **AND SEIZURE ORDER** |
| **JOHN DOES 1-100, JANE DOES** | |
| **1-100, AND XYZ COMPANY,** | |
| **Defendants.** | |

————————————————————————x

Plaintiff Merch Traffic, LLC ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group **"BLINK-182"** (collectively, the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Denise L. Cote on the 2nd day of June, 2023, at the United States

1

Courthouse for the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.     Defendants, and those in active concert or participation with them, will continue to sell such infringing merchandise unless enjoined by the Court; and

5.     Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Cause Regarding Why A Preliminary Injunction and Seizure Order Should

2

Case 1:23-cv-03947-DLC   Document 16   Filed 06/02/23   Page 39 of 41

Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and infringing, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, employees, representatives, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)    Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, or local deputy sheriffs, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all infringing merchandise bearing any or all of the Group's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Group (namely **"BLINK-182"),** or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from four (4) hours before to four (4) hours after any performance of the Group within a two (2) mile vicinity of the

stadiums, arenas or other places at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, being sold, offered for sale or held for sale in the vicinity of the stadiums, arenas or other places at which the Group shall be performing, or elsewhere where such merchandise is being sold, offered for sale, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise visually identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any person who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure. No such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all infringing items seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

4

**IT IS FURTHER ORDERED,** that the bond of One Thousand Dollars ($1,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: June 2, 2023

At: 2:05 p. m.

_____
THE HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

By: _____
Cara R. Burns (CB 1071)
MIMS, KAPLAN, BURNS & GARRETSON
28202 Cabot Road, Ste 300
Laguna Niguel, CA 92677
Tel: (310) 314-1721/ Fax: (310) 314-1725
cburns@hmkblawyers.com

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, NY 11215-4903
Tel: (347) 413-3287
mb@markbradfordpc.com

Attorneys for Plaintiff